# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CASE NO. 3:21-CV-457-RJC-DCK

| | |
|---|---|
| **KIMBERLY MANTELLI,** | )<br>) |
| Plaintiff, | )<br>) |
| v. | ) **ORDER** |
| | ) |
| **MARSHALL AIR SYSTEMS, INC.,** | )<br>) |
| Defendant. | )<br>) |

**THIS MATTER IS BEFORE THE COURT** on the "Joint Motion For Entry Of Stipulated Consent Protective Order" (Document No. 12) filed April 6, 2022. This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motion and the record, the undersigned will grant the motion.

This Stipulated Consent Protective Order is made and entered into by and between Plaintiff Kimberly Mantelli ("Plaintiff") and Defendant Marshall Air Systems, Inc. ("Defendant" or "Marshall"), by and through their respective counsel of record, to expedite the flow of discovery materials, facilitate the prompt resolution of discovery disputes and disputes concerning confidentiality, protect certain materials designated as Confidential ("Confidential Materials"), and ensure that protection is afforded only to material so designated.

1. As used in this Order, the following words and phrases shall have the following meanings:

    a. "**Party**" or "**Parties**" mean any or all parties to this action, any signatories to this Order, their employees, agents, and representatives.

b. "**Document**" shall be construed in its broadest sense and shall include but not be limited to every original (and every copy of any original or copy which differs in any way from any original) of any written, printed, typed, recorded, photographic, transcribed, or graphic or digital matter however produced or reproduced, including film impressions, magnetic tape, sound or mechanical reproductions, audiotapes, videotapes and/or any information contained within computer hard drives, storage discs, or any other means of storage or maintenance of electronic media.

c. "**Confidential Material**" means all documents, or portions of documents, as well as any copies, summaries, abstracts, testimony, electronically stored information, or any other items, derived from or containing information which a Party in good faith believes reveals confidential business, medical, financial, professional, or personal information of a sensitive nature that is provided in connection with this matter that the Party designates as "Confidential" in accordance with this Order.

2. The nature of the disputes in this action are such that confidential and/or proprietary information, including but not limited to documents, electronically stored information and other materials concerning the business or personal affairs of the Parties as well as personnel information related to other employees/former employees who are not parties to this action that is likely to be the subject of discovery.

3. During the pendency of this action, unless otherwise ordered by the Court, the following procedures shall govern the discovery and exchange of documents and information in the above-captioned action:

    a. Documents and other material claimed to be protected material shall, prior to production, be marked by the producing party as "Confidential" or by otherwise

2

notifying counsel of this designation in writing. Copies, extracts, summaries, notes, and other derivatives of protected material also shall be deemed protected material and shall be subject to the provisions of this Order.

b. Stamping, printing, or writing "Confidential" on the cover or first page of any multi-page document shall designate all pages of the document, unless otherwise specifically indicated by the producing party.

c. Documents and other material produced that are not identified as "Confidential" at the time of production or within the applicable time frames specified in sub paragraphs (d) or (e) herein, may thereafter be identified as such by any Party by written notice served on each Party. In this event, each Party who receives such written notice shall endeavor to retrieve any Confidential Material that may have been disseminated, shall affix the appropriate designation to it, shall notify all persons to whom such Confidential Material was disseminated of the restrictions on the use and dissemination of such information, and shall thereafter distribute it only as allowed by this Protective Order; however no distribution prior to the receipt of such written notice shall be deemed a violation of this Protective Order.

d. In the case of Confidential Material produced or provided by non-parties, whether pursuant to subpoena, voluntarily or otherwise, any designation of material that either Party contends contains Confidential Material may be done within thirty (30) days of receipt of the information by counsel for the Party claiming confidentiality. No dissemination of the Confidential Material to persons not bound by the provisions of this Protective Order shall be made before the thirty (30) days expires.

3

    Counsel for the parties may modify this procedure through agreement in writing without further court order.

  e.  In the case of depositions, designation of the portion of the transcript (including exhibits) that contains Confidential Material shall be made by a statement to such effect on the record during the course of the deposition or may be done within thirty (30) days of receipt of the transcript of the deposition by counsel for the party or non-party claiming confidentiality. No dissemination of the transcript to persons not bound by the provisions of this Protective Order shall be made before thirty (30) days after the party that produced the material disclosed during the deposition receives the transcript from the court reporter or counsel for any party. If the Confidential designation is made during the course of a deposition, the reporter shall write or stamp the word "Confidential" on the cover and each page of the relevant portions of the transcript. If the designation is made following review of the transcript, the party so designating shall write or stamp the word "Confidential" on each page the party wishes to so designate and submit a request for such subsequent designation to the reporter for inclusion in the final transcript. Counsel for the parties may modify this procedure for any particular deposition through agreement in writing or by statement on the record in a deposition prior to or at such deposition, without further court order.

4.  Documents and other material produced that are not identified as "Confidential" at the time of production by the producing Party may thereafter be identified as such by the producing Party, or by the Party or Parties receiving the production of such documents or material, by written notice served on each Party. Each Party who receives such written notice shall

4

Case 3:21-cv-00457-RJC-DCK   Document 13   Filed 04/07/22   Page 4 of 12

endeavor to retrieve any Confidential material that may have been disseminated, shall affix the appropriate designation to it, shall notify all persons to whom such Protected Material was disseminated of the restrictions on the use and dissemination of such information, and shall thereafter distribute it only as allowed by this Order; however no distribution prior to the receipt of such written notice shall be deemed a violation of this Agreement.

5. Material in any form designated as Confidential may only be used by the non-designating Party for purposes of this litigation and shall not be used for any other purpose or disclosed to any other person or entity except as specifically provided herein. Except for use by counsel for the Parties hereto in the course of this litigation, no person granted access to Confidential Material shall make any copies, reproductions, transcripts, transmissions, or facsimiles of the same or any portion thereof. Specifically, such information shall not be used, attempted to be used, or disclosed for any business purpose in competition with or adverse to the Party to whom the information belongs.

6. Unless otherwise ordered by the Court or permitted in writing by the designating Party:

   a. Material designated as **"Confidential"** shall only be revealed to:

      (i) The Parties to this Action;

      (ii) Counsel for the Parties and their staff;

      (iii) The Court and Court staff;

      (iv) Any stenographer or videographer used in connection with this litigation; and

      (v) Employees of a Party or Deponents/witnesses designated by a Party, including experts.

b. Material designated as **"Confidential"** shall only be revealed provided such person has been determined by counsel for the Party providing access to the material to be necessary to review such information for purposes of this litigation, a record is kept by counsel indicating to whom such information has been revealed, and the person to whom such information is revealed signs an Acknowledgement of Consent Protective Order in the form attached hereto as Exhibit A, stating that they have read this Consent Protective Order and agree to be bound by its terms. An executed Acknowledgment will not be required for those persons designated in subsection a. i.- iv. of Paragraph 6a.

7. If at any time a Party objects to the designation of a document or information as Confidential, the objecting party shall notify the designating party in writing. The objecting Party shall identify the information or document in question and shall specify in reasonable detail the reason or reasons for the objection. If the Parties cannot resolve their differences, either Party may apply to the Court for a ruling. The Confidential designation shall be maintained until the Court rules otherwise.

8. The Parties agree for purposes of this Order that an inadvertent disclosure of Confidential, privileged, or trial-preparation materials (absent a clear indication of the intent to waive such privilege or protection), including but not limited to metadata and other such information, shall not be deemed a waiver or forfeiture of such privilege or protection provided that the party making the production or disclosure promptly identifies any such documents and/or metadata mistakenly produced after discovery of the inadvertent production. This shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). The Parties further agree that, upon request, any such

6

Case 3:21-cv-00457-RJC-DCK   Document 13   Filed 04/07/22   Page 6 of 12

mistakenly produced documents/metadata shall be returned. In the event of a dispute over use of any privileged materials, the receiving Party must sequester or destroy all copies, and may not use or disseminate the information contained therein until such time as the dispute over the claim of privilege is resolved by the Court.

9. Except for use by counsel for the Parties hereto in the course of this litigation, for Court and deposition copies, and for such use as is expressly permitted under the terms hereof, no person granted access to Confidential Materials shall make any copies, reproductions, transcripts, or facsimiles of the same or any portion thereof. Counsel of record are responsible for employing reasonable measures to control, consistent with this Stipulated Consent Protective Order, duplication of, access to, and distribution of copies of documents and/or other materials containing Confidential Materials. The Parties shall not duplicate any documents and/or other items containing Confidential Materials except working copies and copies to be filed in court.

10. Except for use by counsel for the Parties hereto in the course of this litigation, for Court and deposition copies, and for such use as is expressly permitted under the terms hereof, no person granted access to Confidential Material shall make any copies, reproductions, transcripts, or facsimiles of the same or any portion thereof.

11. Any person receiving information whether designated as Confidential, shall not disclose such information to any person who is not entitled to receive such information under this Protective Order. If Confidential material is disclosed to any person not entitled to receive such information under this Protective Order, the person responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of counsel for the producing party and, with-out prejudice to other rights and remedies of any party,

make a reasonable, good faith effort to retrieve such material and to prevent further disclosure of it.

12. The Parties reserve the right to seek guidance from the Court regarding the specification of appropriate safeguards concerning evidence at trial or may do so by later agreement at or before trial.

13. After the final termination of this litigation by judgment, appeal, settlement, or otherwise, all information produced in discovery and all excerpts and copies thereof which were marked "Confidential" shall be returned to the producing Party or destroyed by the receiving Party except that counsel of record may retain one copy of such information and may retain their respective work product that contains Protected Material, provided that Protected Material shall not be disclosed or used for any purpose except as may be required by subpoena, law enforcement, or court order, in which case the attorney required to disclose such information shall promptly provide the designating Party with written notice of the demand for disclosure and shall request that the subpoenaing party, law enforcement, or relevant court allow the designating Party a period of no less than ten (10) days from issuance of such subpoena, law enforcement request, or court order, to enable the designating Party to seek relief from the appropriate court.

14. The ultimate disposition of Confidential Material shall be subject to a final order of the court upon completion of the litigation.

15. Neither the termination of this action nor the termination of the employment, engagement, or agency of any person who had access to any Confidential Materials shall relieve any person from the obligation of maintaining both the confidentiality and the restrictions on the use of any Confidential Materials disclosed pursuant to this Agreement.

16. The restrictions set forth in this Agreement shall not apply to information that:

   (i) Is in the public domain at the time of disclosure as evidenced by a written document;

   (ii) Becomes part of the public domain, other than through violation of this Order; or

   (iii) Can be shown by the receiving Party to have been lawfully in its possession at the time of the disclosure as evidenced by a written document.

17. Nothing herein shall preclude the Parties from raising any available objection, or seeking any available protection, including but not limited to the grounds of the admissibility, materiality, trial preparation materials, and privilege.

18. The Parties agree that no failure or delay in exercising any right, power or privilege granted in this Order shall operate as a waiver of any such right, power or privilege granted in this Order.

19. The Parties stipulate and agree that this Order shall be effective once entered, and retroactive to the date it was agreed by counsel.

20. This Order may be modified only by further Order.

   **SO ORDERED**.

Signed: April 6, 2022

David C. Keesler
United States Magistrate Judge

| | |
|---|---|
| HERRMANN & MURPHY, PLLC | JACKSON LEWIS P.C. |
| BY: */s/ Sean F. Herrmann*<br>SEAN F. HERRMANN<br>N.C. State Bar No. 44453<br>KEVIN P. MURPHY<br>N.C. State Bar No. 41467<br>*Attorneys for Plaintiff*<br>400 Clarice Avenue<br>Suite 100<br>Charlotte, NC 28204<br>Telephone: (704)940-6399<br>Facsimile: (704) 940-6407<br>kevin@herrmannmurphy.com<br>sean@herrmannmurphy.com | BY: */s/ H. Bernard Tisdale III*<br>H. Bernard Tisdale III<br>N. C. State Bar No. 23980<br>Kelly Ann Walker<br>N. C. State Bar No. 49535<br>*Attorneys for Defendant*<br>200 South College Street<br>Suite 1550, 15th Floor<br>Charlotte, NC 28203<br>Telephone: (864) 346-3737<br>Facsimile: (704) 333-7764<br>Email: bernard.tisdale@jacksonlewis.com<br>Email: kelly.walker@jacksonlewis.com |

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:21-CV-457-RJC-DCK**

| | |
|---|---|
| **KIMBERLY MANTELLI,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | **STIPULATED CONSENT** |
| ) | **PROTECTIVE ORDER** |
| **MARSHALL AIR SYSTEMS, INC.,** ) | |
| ) | |
| **Defendant.** ) | |

I, _____, declare as follows:

I acknowledge receipt of a copy of the Consent Protective Order dated April \_\_, 2022, in <u>Kimberly Mantelli v. Marshall Air Systems, Inc.</u>, which is pending in the United States District Court for the Western District of North Carolina, Western Division, Case No.: 3:21-CV-457, and agree that I:

(1) understand the terms thereof, and agree to comply with and be bound by its provisions with respect to any information provided to me under the terms of this Consent Protective Order;

(2) will not reveal any information provided to me under the terms of this Consent Protective Order to anyone other than such persons designated in Paragraph 6 of this Protective Order; and

(3) will utilize such confidential information solely for the purposes of this litigation.

I further understand that if I fail to comply with the terms of the Consent Protective Order, I may be subject to sanctions by the Court, and I consent to the jurisdiction of the above-referenced Court for such purpose.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

DATED: _____, 2022.

_____
SIGNATURE

_____
PRINTED NAME

12

Case 3:21-cv-00457-RJC-DCK   Document 13   Filed 04/07/22   Page 12 of 12