# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CASE NO. 3:21-CV-457-RJC-DCK

| | |
|---|---|
| KIMBERLY MANTELLI, | ) |
| Plaintiff, | ) |
| v. | ) ORDER |
| MARSHALL AIR SYSTEMS, INC., | ) |
| Defendant. | ) |

**THIS MATTER IS BEFORE THE COURT** on "Defendant's Unopposed Motion To Seal" (Document No. 26) filed February 15, 2023. This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motion and the record, the undersigned will <u>deny</u> the motion without prejudice.

A party who seeks to seal any pleading must comply with the Local Rules of this Court. Local Civil Rule("LCvR") 6.1 provides in relevant part as follows:

> **LCvR. 6.1  SEALED FILINGS AND PUBLIC ACCESS.**
>
> **(a)**  *Scope of Rule*. To further openness in civil case proceedings, there is a presumption under applicable common law and the First Amendment that materials filed in this Court will be filed unsealed. This Rule governs any party's request to seal, or otherwise restrict public access to, any materials filed with the Court or used in connection with judicial decision- making. As used in this Rule, "materials" includes pleadings and documents of any nature and in any medium or format.
>
> **(b)**  *Filing under Seal*. No materials may be filed under seal except by Court order, pursuant to a statute, or in accordance with a previously entered Rule 26(e) protective order.
>
> **(c)**  *Motion to Seal or Otherwise Restrict Public Access*. A

party's request to file materials under seal must be made by formal motion, separate from the motion or other pleading sought to be sealed, pursuant to LCvR 7.1. Such motion must be filed electronically under the designation "Motion to Seal." The motion must set forth:

> **(1)** A non-confidential description of the material sought to be sealed;
> **(2)** A statement indicating why sealing is necessary and why there are no alternatives to filing under seal;
> **(3)** Unless permanent sealing is sought, a statement indicating how long the party seeks to have the material maintained under seal and how the matter is to be handled upon unsealing; and
> **(4)** Supporting statutes, case law, or other authority.

LCvR 6.1.

By the instant motion, Defendant seeks to seal the entire record of this case. (Document No. 26 and 26-1). Plaintiff does not oppose the motion to seal. (Document No. 27).

Having considered the factors provided in LCvR 6.1(c), the Court will deny the motion to seal. In short, Defendant's request is overly broad, and the undersigned is not persuaded that there are no alternatives to sealing "the entire record of the case" and "all pleadings filed in this case" – even if those alternatives might be "extremely cumbersome" for the parties. (Document No. 26, p. 1; Document No. 26-1, pp. 3-4). The undersigned finds the Fourth Circuit's decision in Doe v. Public Citizen to be instructive:

> A corporation very well may desire that the allegations lodged against it in the course of litigation be kept from public view to protect its corporate image, but the First Amendment right of access does not yield to such an interest. The interests that courts have found sufficiently compelling to justify closure under the First Amendment include a defendant's right to a fair trial before an impartial jury, . . . protecting the privacy rights of trial participants such as victims or witnesses, . . . and risks to national security, …. Adjudicating claims that carry the potential for embarrassing or injurious revelations about a corporation's image, by contrast, are

2

> part of the day-to-day operations of federal courts. But whether in the context of products liability claims, securities litigation, employment matters, or consumer fraud cases, the public and press enjoy a presumptive right of access to civil proceedings and documents filed therein, notwithstanding the negative publicity those documents may shower upon a company. A corporation may possess a strong interest in preserving the confidentiality of its proprietary and trade-secret information, which in turn may justify partial sealing of court records. . . . We are unaware, however, of any case in which a court has found a company's bare allegation of reputational harm to be a compelling interest sufficient to defeat the public's First Amendment right of access.

Doe v. Pub. Citizen, 749 F.3d 246, 269 (4th Cir. 2014) (internal citations omitted).

The Court is, however, willing to consider proposed redactions to some of the pleadings, that might include redaction of the name(s) of alleged non-party harassers and/or the factual details of the alleged harassment. See Media General Operations, Inc. v. Buchanan, 417 F.3d 429 (4th Cir. 2005) ("If a judicial officer determines that full public access is not appropriate, []he 'must consider alternatives to sealing the documents' which may include giving the public access to some of the documents or releasing a redacted version of the documents that are the subject of the government's motion to seal.").

Defendant's counsel is respectfully directed to confer with Plaintiff's counsel to discuss specific documents it seeks to seal and proposed redactions to such documents.

**IT IS, THEREFORE, ORDERED** that "Defendant's Unopposed Motion To Seal" (Document No. 26) is **DENIED without prejudice**. Defendant may file a revised motion seeking to seal certain specific documents in this case and describing limited proposed redactions for publicly-available versions of those documents.

**SO ORDERED**.

Signed: March 6, 2023

David C. Keesler
United States Magistrate Judge